# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| FRANK JAMES TAYLOR, | |
| Plaintiff, | CIVIL ACTION NO.: 6:16-cv-137 |
| v. | |
| WARDEN DOUG WILLIAMS; COUNSELOR SMITH; OFFICER MITCHELL; OFFICER SANTIAGO; MR. SIMMONS; CERT TEAM GOMAZ; and CORRECTIONAL OFFICER CLARK, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Hancock State Prison in Sparta, Georgia, filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983 contesting events allegedly occurring at Smith State Prison in Glennville, Georgia. (Doc. 1.) Concurrently, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) The Court granted that Motion by Order dated November 2, 2016. (Doc. 10.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

In his Complaint, Plaintiff asserts a "disturbance broke out" in his dormitory, and the disturbance involved weapons. (Doc. 1, p. 5.) Plaintiff contends he was stabbed twenty-six (26) times by ten (10) different people over the course of forty-five (45) seconds in his head, chest, back, and arms. Plaintiff contends he was also hit with a combination lock, which resulted in the

loss of vision in his right eye. (Id.) Plaintiff avers Defendant Clark and "cert team officers" came into the dormitory and ran back out, leaving Plaintiff surrounded by people stabbing him. (Id.) Plaintiff alleges "security staff" violated his constitutional rights. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as

to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Amended Complaint raises several doctrines of law, which the Court discusses in turn.

## DISCUSSION

**I. Plaintiff's Claims Against Defendants Williams, Smith, Mitchell, Santiago, Simmons, and Gomaz**

Plaintiff fails to make any factual allegations against Defendants Williams, Smith, Mitchell, Santiago, Simmons, or Gomaz. Plaintiff's allegations are analyzed under the Standard of Review set forth above, and the Court accepts Plaintiff's non-conclusory factual allegations as true, as the Court must at this stage. However, to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

As Plaintiff does not make any factual allegations against Defendants Williams, Smith, Mitchell, Santiago, Simmons, or Gomaz, he cannot sustain a Section 1983 claim against these Defendants. Id.; see also Fed. R. Civ. P. 8. Thus, the Court should **DISMISS** Plaintiff's claims against Defendants Williams, Smith, Mitchell, Santiago, Simmons, or Gomaz.

**II. Plaintiff's Claims Against Defendants Williams and Smith**

Additional reasons support the dismissal of Plaintiff's claims against Defendants Williams and Smith, who are the Warden and Deputy Warden of Security, respectively, at Smith State Prison. Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior.* Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged

constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Here, Plaintiff seeks to hold Defendants Williams and Smith liable based on their supervisory positions. Nevertheless, Plaintiff cannot do so. He points to no facts indicating Defendants Williams and Smith were personally involved in the alleged violations of his constitutional rights. Additionally, Plaintiff makes no allegations that Defendants Williams and Smith instituted a policy or custom resulting in the violation of Plaintiff's rights, failed to prevent any unlawful action, or were aware of a history of widespread abuse that these two Defendants failed to correct. Consequently, the Court should **DISMISS** Plaintiff's claims against Defendants Williams and Smith for this additional reason.

### III. Plaintiff's Claims Against Defendant Clark

Plaintiff's claims against Defendant Clark give rise to a discussion of the Eighth Amendment of the United States Constitution. The Eighth Amendment can impose upon prison officials the duty to intervene in some cases. In Johnson v. Boyd, 568 F. App'x 719 (11th Cir. 2014), the Eleventh Circuit Court of Appeals found that the plaintiff failed to state a claim for failure to intervene where another inmate attacked the plaintiff, but the complaint was lacking

5

any allegations about the duration of the fight or that "the officers waited an unreasonable amount of time to intervene after Hanley attacked [the plaintiff]." The court stated:

> The district court partially construed Johnson's complaint as a 'failure to intervene' claim, citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998), which holds that an officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene. While it is well settled that Ensley applies to situations where one officer observes a fellow officer violating a constitutional right, typically by using excessive force, <u>we have not explicitly adopted this holding in a situation involving an officer observing a fight between inmates</u>.

Id. at 722 n.2 (emphasis added) (internal citation omitted).

Despite this footnote, the Eleventh Circuit has held that a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to intervene on behalf of the victim of an ongoing assault by another inmate. Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (applying deliberate indifference standard to claim that prison official failed to intervene in inmate-on-inmate assault). "Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence." Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010) (citing Ensley, 142 F.3d at 1407). "However, in order for liability to attach, the officers must have been in a position to intervene." Id. (internal citation omitted). Indeed, the Eleventh Circuit found in Johnson that a failure to intervene claim, similar to a failure to protect claim, would require allegations that: (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. See Johnson, 568 F. App'x at 724–25. In situations in which an inmate seeks to hold officers liable for failing to intervene in an attack at the hands of another inmate, liability attaches only if the officer "'was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff.'" Smith v.

6

Andrews, CV 114-206, 2016 WL 6818755, at *4 (S.D. Ga. Nov. 16, 2016) (quoting Glispy v. Raymond, 2009 WL 2762636, *3 (S.D. Fla. 2009)), *report and recommendation adopted*, 2016 WL 7197446 (S.D. Ga. Dec. 9, 2016). "Regardless of the presence or absence of a weapon in the hands of the attacking inmates, 'no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence.'" Seals v. Marcus, No. 1:11-CV-99-WLS, 2013 WL 656873, at *8 (M.D. Ga. Jan. 25, 2013) (quoting Longoria v. Texas, 473 F.3d 586, 594 (5th Cir. 2006)); see also Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995) ("[P]rison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm."); Winfield v. Bass, 106 F.3d 525, 532 (4th Cir. 1997) ("[A]ll of the authority of which we are aware leads to the conclusion that such heroic measures are not constitutionally required.").

By Plaintiff's own admission, a "disturbance broke out" in his dormitory, and the stabbing he endured lasted less than a minute. (Doc. 1, p. 5.) Even if Defendant Clark ran into the dormitory and then left the dormitory soon thereafter, as Plaintiff contends, Plaintiff fails to set forth facts indicating that Defendant Clark would have had time to intervene in the attack against Plaintiff, i.e., Plaintiff fails to contend Defendant Clark was in a position to intervene on Plaintiff's behalf. In addition, Plaintiff contends he was surrounded by people who were stabbing him, but he fails to contend that Defendant Clark could have intervened on Plaintiff's behalf (even if he had had the time to do so) in a safe manner. As a result, Plaintiff fails to set forth a viable Eighth Amendment claim against Defendant Clark, and the Court should **DISMISS** Plaintiff's claims against Defendant Clark.

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

### IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action for failure to state a claim and **DIRECT** the Clerk of Court to enter the appropriate judgment of

dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA